**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHRISTOPHER FOSTER; et al.,

Plaintiffs-Appellants,

v.

COUNTY OF SPOKANE; et al.,

Defendants-Appellees.

No.    15-35056

D.C. No. 2:13-cv-00411-RMP

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted May 19, 2017
Seattle, Washington

Before:  HAWKINS, GOULD, and PAEZ, Circuit Judges.

Christopher Foster, Shannell Haddon, Lawrence Johnson, and Dina Tellez

("Plaintiffs") appeal the district court's summary judgment grant to Spokane County,

David Skogen and Craig Chamberlain ("Defendants").  Plaintiffs argue summary

judgment was improper as to their unlawful arrest and false arrest claims against

---

    [*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

Defendant Skogen, and as to their defamation claim against Defendant Chamberlain. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** At the time of Plaintiffs' arrests, the facts and circumstances within Defendant Skogen's knowledge were sufficient for a reasonable officer to believe that there was probable cause to arrest Plaintiffs on suspicion of trafficking. *See Rosenbaum v. Washoe County*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curiam). Accordingly, Defendant Skogen was entitled to qualified immunity on Plaintiffs' 42 U.S.C. § 1983 unlawful arrest claim. *See id.*

**2.** The district court also properly granted summary judgment to Defendant Skogen on Plaintiffs' false arrest claim. Lydia's tip satisfied both *Aguilar-Spinelli* prongs. *See State v. Conner*, 791 P.2d 261, 265 (Wash. Ct. App. 1990). Because Defendant Skogen was "aware of facts or circumstances, based on reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime ha[d] been committed," *State v. Gaddy*, 93 P.3d 872, 875 (Wash. 2004) (en banc) (emphasis omitted), probable cause existed for Plaintiffs' arrests, and Defendant Skogen was entitled to summary judgment on Plaintiffs' false arrest claim, *see Hanson v. City of Snohomish*, 852 P.2d 295, 301 (Wash. 1993) (en banc); *see also Luchtel v. Hagemann*, 623 F.3d 975, 984-85 (9th Cir. 2010).

2

**3.** In addition, the district court correctly granted summary judgment to Defendant Chamberlain on Plaintiffs' defamation claim. Plaintiffs did not present sufficient evidence to create a genuine factual dispute that Defendant Chamberlain abused the qualified privilege that protects a police officer's statements to the press in the course of a criminal investigation. *See Stansfield v. Douglas County*, 26 P.3d 935, 942-43 (Wash. Ct. App. 2001).

**AFFIRMED.**